**SOUTH PITTSBURGH WATER COMPANY, a corporation, Plaintiff,**

v.

**UTILITY WORKERS UNION OF AMERICA, LOCAL 174, affiliated with A.F.L.-C.I.O., Defendant.**

**Civ. A. No. 70–577.**

United States District Court,
W. D. Pennsylvania.
June 2, 1970.

Beck, McGinnis & Jarvis, Pittsburgh, Pa., Morgan, Lewis & Bockius, Philadelphia, Pa., for plaintiff.

Joseph J. Pass, Jr., McKay, Arch & Steele, Pittsburgh, Pa., for defendant.

## OPINION

GOURLEY, District Judge.

This is an action filed by a Pennsylvania utility company pursuant to Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185(a) (1964). The Complaint alleges an imminent threat of a strike or work stoppage detrimental to the interests of consumers, and the relief requested is immediate specific performance by defendant Union of the arbitration provision of the collective bargaining agreement into which the parties entered on May 18, 1969. The Court has conducted a hearing upon the immediate relief requested in the Complaint, and defendant subsequently has filed a Motion to Dismiss. Upon consideration of the Complaint, brief filed by counsel for the plaintiff, and the testimony and exhibits offered at the hearing, the Court will stay adjudication of the Motion to Dismiss and further proceedings herein pending the outcome of current negotiations between the parties.

The collective bargaining agreement in question, entitled "Contract" and hereinafter so designated, provides in Section 22 thereof that the same shall be binding upon the parties from May 18, 1969 to May 17, 1970 and from year to year thereafter unless sixty-days written notice of desire to change or terminate is served by either party. Pursuant to Section 22, the Union duly notified the Company by letter of March 13, 1970 that it desired to terminate the contract and to meet for purposes of negotiating a new contract to become effective on May 18, 1970. At the request of representatives of the Company, negotiations commenced on April 6, 1970 but ceased on May 14, 1970, three days prior to the one-year anniversary of the Contract, without agreement being reached upon a new contract.

The Union, in fact, commenced a strike on May 22, 1970, the same date upon which the Complaint was filed herein. However, by recent stipulation between the parties, it was agreed that the strike would cease on June 1, 1970 and that the parties would recommence, on June 2, 1970, the negotiations begun earlier. The stipulation, nevertheless, provided that recommencement of the negotiations was to be without prejudice to the Company's opportunity to assert its right under the Contract herein.

It is the position of the Company that Section 3 of the Contract requires the parties to submit to binding arbitration the wage and hour, if not also other, terms of a new collective bargaining agreement which would supercede the terminated Contract, when, following an opening of negotiations toward the new agreement, an impasse in negotiations is

reached. The Union, to the contrary, contends that Section 3 contemplates arbitration upon an impasse in negotiations opened for the purpose of changing terms of the existing Contract but not where the negotiations are opened to fashion a new agreement upon notice of termination of the existing one.

It is the considered judgment of the Court that the issue posed is not ripe for determination at this time for the reason that the parties have resumed the negotiations in which they were previously engaged and, therefore, are not at an impasse. Regardless of which party's position is correct on the ultimate issue posed, Section 3 of the Contract does not contemplate arbitration absent an impasse, and, further, it would be a disservice to the principle of collective bargaining for the Court to render an adjudication at this time.

An appropriate Order is entered.

### ORDER

Now, this 2nd day of June, 1970, it is hereby ordered that adjudication of defendant's Motion to Dismiss and further proceedings in this action be and the same are hereby stayed pending the outcome of continued negotiations between the parties herein upon a new collective bargaining agreement to supercede the one heretofore in existence.